IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SYLVESTER HENRY DUDLEY,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 23-CV-0595-JMY** |
| | : | |
| **CLERK OF COURT, EDPA,** | : | |
|     **Defendant.** | : | |

**MEMORANDUM**

**YOUNGE, J.**                                                                                                                                          **FEBRUARY  24, 2023**

        Plaintiff Sylvester Henry Dudley filed this *pro se* civil action against the Clerk of Court, EDPA, asserting his intention to be declared a national in accordance with the "Immigration Nationality Act, Section 302, Public Law 94-241." (Compl. (ECF No. 2) at 3-4).[1] Dudley seeks to proceed *in forma pauperis*. Because it appears that Dudley cannot afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Court will dismiss his Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.        FACTUAL ALLEGATIONS**

        Dudley has filed this civil action requesting that the Clerk of Court "take notice of [his] attached AFFIDAVIT" declaring his "intentions to be a 'national, but not a citizen of the United States.'" (Compl. at 3.) Dudley further declares his "ethnicity to be American Indian, free inhabitant born in the republic, pennsylvania/commonwealth/state." (*Id.* at 4.) He avers that Public Law 94-241 requires a "Federal Judge" to sign his Affidavit and the "Clerk" to affix the court's seal. (*Id.* at 3.) No monetary relief is requested.

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

**II.      STANDARD OF REVIEW**

The Court will grant Dudley leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) applies.  Section 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged to rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  As Dudley is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

**III.     DISCUSSION**

The Court has carefully reviewed the Complaint and concludes that there is no discernable basis for any non-frivolous legal claims within the Court's jurisdiction.  Dudley has not alleged how the Clerk of Court has violated his rights, and there is no legal theory on which he can rely.  Dudley's declaration of his intention to renounce his United States Citizenship does not equate to a federal claim.[2]  Moreover, to the extent that Dudley seeks to avail himself of Section 302 of Public Law No. 94-241, there is no clear or apparent relevance of that law here as the time period pertaining to those sections expired some time ago, and there is also no

---

[2] According to the website for United States Department of State Bureau of Consular Affairs, a person wishing to renounce his or her U.S. citizenship must voluntarily and with intent to relinquish U.S. citizenship:  (1) appear in person before a U.S. consular or diplomatic officer; (2) in a foreign country at a U.S. Embassy or Consulate; and (3) sign an oath of renunciation.  *See* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/us-citizenship/Renunciation-US-Nationality-Abroad.html (last visited Feb. 23, 2023).

indication that Dudley would have even met the requirements of that section had his declaration been timely.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Dudley leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous. Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

**/s/ *John Milton Younge***
**JOHN M. YOUNGE, J.**

---

[3] By his citation to Public Law 94-241, the Court understands Dudley to be referring to the "Covenant to Establish a Commonwealth of Northern Mariana Islands in Political Union with the United States of America," which was approved by Congress on March 26, 1976. *See Smith v. Pangilinan*, 651 F.2d 1320, 1321 (9th Cir. 1981) (citing Pub.L. 94-241, 90 Stat. 263 (1976)). Section 301 of the Covenant provided that certain domiciliaries of the Northern Mariana Islands would, upon the effective date of November 4, 1986, become United States citizens. *Guerrero v. United States*, 691 F. Supp. 260, 261-62 (D. Northern Mariana Islands 1988). In his Complaint, Dudley specifically cites Section 302 as the basis to which he seeks to renounce his United States citizenship. (Compl. at 3-4.) Section 302 provides, in pertinent part, that "[a]ny person who becomes a citizen of the United States solely by virtue of the provisions of Section 301 may within six months after the effective date of that Section or within six months after reaching the age of 18 years, whichever date is the later, become a national but not a citizen of the United States by making a declaration under oath before any court established by the Constitution or laws of the United States." *See* PL 94-241, 90 Stat. 263 (1976). This means that Dudley, who indicates in his Motion to Proceed *In Forma Pauperis* that he is currently sixty-two years of age (*see* ECF No. 1 at 5), would have had to avail himself of Section 302 within six months of November 4, 1986, when he was approximately twenty-five years old, assuming the provision even applied to him in the first place.